**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :

UNITED STATES OF AMERICA,
          :

     -against-
          :        <u>MEMORANDUM DECISION</u>
                   <u>AND ORDER</u>

ORLANDO HERRERA-PEREZ,
          :

          Defendant.
          :        16 Cr. 00388-2 (GBD)

          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Pro se defendant Orlando Herrera-Perez moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c). (*See* Mot. For Compassionate Release/Reduction in Sentence ("Motion"), ECF No. 70, at 1.) Herrera-Perez states that he is suffering multiple ailments and health conditions that constitute extraordinary and compelling reasons for a sentence reduction. (*Id.* at 3.) The Government opposes Defendant's motion, arguing that he has not established extraordinary and compelling conditions that could permit release and that the 18 U.S.C. § 3553(a) factors continue to support the sentence this Court imposed. (Gov't Mem. in Opp'n to Motion ("Opp."), ECF No. 73.) Mr. Herrera-Perez's motion for a reduction of sentence is DENIED.

## I.    <u>FACTUAL BACKGROUND</u>

Herrera-Perez was a member of a large-scale international drug trafficking organization ("DTO") that brokered and coordinated the trafficking and importation of heroin and cocaine into the United States. (Presentencing Investigation Report ("PSR") ¶ 22.) Between 2014-2016, Herrera-Perez connected buyers and sellers of narcotics. (*See* Indictment, ECF No. 30.) In or around June 2015, Herrera-Perez informed an undercover Drug Enforcement Administration agent about Jose Luis Grueso-Naboyan, a heroin supplier, leading agents to recover about 16 kilograms

1

of heroin. (PSR ¶ 13, 15.) Five months later, Herrera-Perez introduced a cooperating witness to a cocaine supplier, resulting in the seizure of approximately 2.5 kilograms of cocaine. (*Id.* ¶ 17.) Between approximately June 2015 and November 2015, Defendant's DTO was responsible for the shipment of several kilograms of heroin and cocaine from Colombia and Mexico into the United States. (*Id.* ¶ 11.)

Herrera-Perez was arrested in the Dominican Republic on May 1, 2022, and extradited to the United States on September 29, 2022. (PSR ¶ 20.) He was indicted on two counts. Count One charged that from 2014 through 2016, Herrera-Perez conspired to import, manufacture, and distribute heroin and cocaine, knowing and intending that those controlled substances would be unlawfully imported into the United States, in violation of 21 U.S.C. § 960(b)(1)(A) (one kilogram and more of heroin) and 21 U.S.C. § 960(b)(1)(B)(ii) (five kilograms and more of cocaine). (Indictment ¶¶ 1-4.) Count Two charged that during the same period, Herrera-Perez conspired to distribute and possess with intent to distribute one kilogram and more of heroin and five kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). (*Id.* ¶¶ 5-7.)

On June 13, 2023, Herrera-Perez pled guilty, pursuant to a plea agreement, to Count Two of the Indictment. (Opp. at 2.) On September 5, 2024, this Court sentenced Herrera-Perez to 60 months imprisonment plus four years' supervised release. (Judgment, ECF No. 66, at 2–3.)

## II.    LEGAL STANDARD

A court "may not modify a term of imprisonment once it has been imposed" except as expressly authorized by statute. 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), commonly referred to as the "compassionate release" statute, permits a defendant to seek a sentence reduction after exhausting administrative remedies. *See United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020). Under this provision, a court may consider a reduction if it finds that (1) the defendant's

circumstances present extraordinary and compelling reasons to warrant a reduction, (2) the factors prescribed in 18 U.S.C. § 3553(a) favor such a reduction, and (3) a reduction would be consistent with the Sentencing Commission's policy statements, particularly Policy Statement 1B1.13, which sets forth the circumstances under which an extraordinary and compelling reason for sentence reduction would exist. 18 U.S.C. § 3582(c); *see also United States v. Seabrook*, No. 16 Cr. 467 (AKH), 2023 WL 2207585, at \*2–3 (S.D.N.Y. Feb. 23, 2023).

## III.   A REDUCTION OF SENTENCE IS NOT WARRANTED

### A. Herrera-Perez Has Not Demonstrated Extraordinary and Compelling Reasons Warranting Sentence Reduction.

Policy Statement 1B1.13(b)(2) states that extraordinary and compelling reasons may exist when the defendant "(A) is at least 65 years old; (B) is experiencing serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of [his] term of imprisonment, whichever is less." U.S.S.G § 1B1.13(b)(2) (U.S. Sent'g Comm'n 2026).

Herrera-Perez is over the age of 65. (Motion at 6.) This Court sentenced Herrera-Perez to 60 months imprisonment on September 5, 2024, with a recommendation that he receive credit for previous time served in the Dominican Republic. (Judgment at 2.) According to a Sentencing Monitoring Computation Data Report by the Bureau of Prisons ("BOP"), which takes into account this credit, Herrera-Perez's imprisonment terminates on April 30, 2027. (BOP Data Report, ECF No. 73-1, Ex. A ("Data Report"), at 3.) At the submission of Defendant's motion on July 17, 2025, he completed "approximately 64.3% of his full term of imprisonment." (Opp. at 5.) As of the BOP's calculation on December 18, 2025, Defendant served 72.7% of his full term (Data Report at 3), and he has likely served a greater percentage of that term since then. This factor alone,

however, does not create extraordinary circumstances warranting sentencing reduction.

Herrera-Perez has not met the burden to show that he is experiencing "serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2). Under this provision, a medical condition may constitute an extraordinary and compelling reason where it substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and the defendant is not expected to recover. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020); *United States v. Rodriguez*, 2022 WL 2533468, at *3 (S.D.N.Y. July 7, 2022).

Here, Herrera-Perez has not shown that he is experiencing such serious deterioration in physical or mental health because of the aging process. Herrera-Perez's BOP medical records reflect that he is receiving regular medical care at FCI Loretto where he is presently incarcerated. (Opp. at 5–6; *see also* Medical Records, ECF No. 73-2, Ex. B, filed under seal.) Further, his medical conditions appear to be relatively stable, and he appears to be receiving treatment for each of the conditions listed in the Motion. (*Id.*) Defendant does not make any argument or provide evidence that he is not receiving care from the BOP or is unable to navigate the prison environment. Defendant's records, to the contrary, indicate he is receiving regular care. (*See* Motion at 3–9.); *See also U.S. v. Borelli*, No. 84-CR-63, 2021 WL 2228075, at *2–4 (S.D.N.Y. June 2, 2021) (denying compassionate release where a defendant's medical conditions were managed through BOP medical care). Herrera-Perez has ultimately not established extraordinary and compelling circumstances warranting a sentence reduction.

Herra-Perez further asserts he should be eligible for a reduction in sentence because the BOP is preventing him from accruing earned time credit ("ETC") due to the ICE detainer that has been entered against him. (Motion at 9–12.) Extraordinary and compelling reasons may exist due

to "other circumstances" that are "similar in gravity" to the enumerated categories set forth in § 1B1.13. U.S.S.G. § 1B1.13(b)(5) (U.S. Sent'g Comm'n 2026). Here, Herrera-Perez does not establish that his inability to accrue ETCs arises to such an "other circumstance" warranting sentence reduction.

Because a prisoner's challenge to loss of good time credits affects sentence length, such a challenge must be brought in a habeas petition and not in a motion for compassionate release. *See United States v. Denis*, 2022 WL 4088058, at *2 (S.D.N.Y. Sept. 6, 2022). Such a challenge to the BOP's calculation of a sentence may, further, only properly be filed in the defendant's "district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Herrera-Perez is currently incarcerated at FCI Loretto. (*See* Motion.) Any claim to such relief would only be properly brought in the Western District of Pennsylvania accordingly. (Opp. at 6.) Further, even if Herrera-Perez sought such relief in the proper venue, his deportation status may preclude relief on his inability to accrue ETCs. *See* 18 U.S.C. § 3632(d)(4)(E)(i) (stating "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws"). Herrera-Perez's arguments thus do not provide extraordinary and compelling reasons warranting sentence reduction.

## B. The Section 3553(a) Factors Weigh Against Early Release.

Even if Defendant established extraordinary and compelling reasons warranting his release—which he has not—the Section 3553(a) factors weigh against a sentence reduction. Here, Herrera-Perez's conduct was serious and undeterred. Herrera-Perez was a part of a large-scale international drug trafficking organization and responsible for coordinating the trafficking and importation of heroin and cocaine into the United States. (PSR ¶¶ 11; 15; 17.) Herrera-Perez was previously convicted of narcotics conspiracy in 2008, for which he served 120 months'

imprisonment. *See U.S. v. Herrera-Perez*, ECF No. 165 (E.D.N.Y. Dec. 18, 2008). The record reflects the conduct underlying Herrera-Perez's current sentence began just over a year after his release from his previous sentence. (PSR at 9.) Given the record and the nature and circumstances of the offense, the Section 3553(a) factors weigh against early release and no sentence reduction is warranted.

## IV.    CONCLUSION

Mr. Herrera-Perez's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) is DENIED. The Clerk of Court is directed to close the motion at ECF No. 70 accordingly.

Dated:    **MAR 0 5 2026**

New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

6