**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  x
:
UNITED STATES OF AMERICA,                        :
:
      -against-                               :            MEMORANDUM DECISION
:              AND ORDER
ORLANDO HERRERA-PEREZ,                           :
             Defendant.          :          16 Cr. 00388-2 (GBD)
:
-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  x

**GEORGE B. DANIELS, United States District Judge:**

Pro se defendant Orlando Herrera-Perez moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 833. (*See* Mot. For Reduction in Sentence ("Motion"), ECF No. 74, at 3.) Herrera-Perez contends that he meets the criteria under Amendment 833 and is thus entitled to a sentence reduction. (*Id.* at 5.) The Government opposes the Motion, arguing that Amendment 833 is not retroactive and therefore cannot be relied upon to modify the defendant's sentence. (Gov't Letter in Opposition ("Opp."), ECF No. 76, at 1.) Additionally, the Government argues that even if the Amendment was retroactive, Herrera-Perez would not qualify because of his serious offense conduct. Herrera-Perez's motion for a reduction of sentence is DENIED.

## I.    **LEGAL STANDARD**

Except for limited exceptions, a district court "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." (cleaned up)). One such exception is 18 U.S.C. § 3582(c)(2), which allows a court to reduce a term of

1

imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "On a § 3582(c)(2) motion, however, the statutory authorization to modify a sentence is 'narrow,' and, accordingly, [a court] may look to 'only the amendments listed' in [U.S.S.G] § 1B1.10(d) to provide a basis for relief." *United States v. Mahmoud*, 779 F. App'x 53, 54 (2d Cir. 2019) (quoting *Dillon*, 560 U.S. at 827).

## II.     <u>**DEFENDANT'S MOTION FOR A SENTENCE REDUCTION IS DENIED**</u>

Amendment 833 to the United States Sentencing Guidelines became effective on November 1, 2025 to "address concerns that §2D1.1 and §3B1.2 (Mitigating Role) as they currently apply in tandem do not adequately account for the lower culpability of individuals performing low-level functions in a drug trafficking offense." *See Amendment 833*, U.S. Sent'g Comm'n, http://www.ussc.gov/guidelines/amendment/833. Amendment 833 clarified that "the mitigating role provisions in §2D1.1(a)(5) and the 2-level reduction at §2D1.1(b)(17) apply regardless of whether the defendant receives the §3B1.2 adjustment . . . ." *Id.* Thus, these instructions certify that "any individual who receives a mitigating role adjustment, regardless of the mechanism, may also receive the reductions in §2D1.1(a)(5) and §2D1.1(b)(17)." *Id.*

Herrera-Perez contends that he qualifies for a sentence reduction under Amendment 833's special instruction to U.S.S.G. § 2D1.1(e)(2)(B). (Motion at 5.) The instruction states that an adjustment under §3B1.2 is "generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function," such as "serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout," or "distributing controlled

substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit." *Amendment 833*, U.S. Sent'g Comm'n, http://www.ussc.gov/guidelines/amendment/833.

Herrera-Perez was sentenced on September 5, 2024, before Amendment 833 became effective on November 1, 2025. (*See* Judgment, ECF No. 66, at 2–3.) 18 U.S.C. § 3582(c)(2) would authorize a sentence reduction here only if Amendment 833 is retroactive. § 1B1.10(d) "governs the retroactivity of Guideline amendments and specifies which amendments a defendant may invoke pursuant to § 3582(c)(2)." *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997).[1]

Amendment 833 is not listed in U.S.S.G. § 1B1.10(d) and "the Sentencing Commission did not make the modifications to the sentencing guidelines implemented in the 2025 Amendments retroactive." *United States v. Gonzalez*, No. 25-cr-483-GHW, 2025 WL 3274491, at *2 (S.D.N.Y. Nov. 25, 2025). Thus, Amendment 833 is not retroactive and courts in this district have routinely denied motions requesting a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 833. *See e.g. United States v. Velasquez Hernandez*, No. 22 Cr. 258-04 (GBD), 2026 WL 473251, at *2 (S.D.N.Y. Feb. 19, 2026); *see also United States v. Hilario-Bello*, No. 11 Cr. 755 (KPF), 2026 WL 504551, at *1 (S.D.N.Y. Feb. 23, 2026); *United States v. Polanco-Gonzalez*, No. 17-CR-0688 (VM), 2026 WL 179682, at *1 (S.D.N.Y. Jan. 21, 2026). This Court, therefore, cannot rely on Amendment 833 to reduce Herrera-Perez's sentence.

Amendment 833 would not alter Herrera-Perez's sentence even if it were retroactive. The Amendment's modification to § 2D1.1(a)(5) pertains to defendants who received a mitigating role adjustment under § 3B1.2. Herrera-Perez did not receive such an adjustment. The addition of § 2D1.1(e)(2) also would not benefit Herrera-Perez. This provision pertains to defendants who

---

[1] U.S.S.G. § 1B1.10(c) was redesignated to subsection (d) in 2014, pursuant to Amendment 780 to the United States Sentencing Guidelines.

performed a low-level trafficking function like "serving as a courier" or "distributing controlled substances in user-level quantities for little or no monetary compensation." U.S.S.G. § 2D1.1(e)(2)(B)(i)–(ii). To the contrary, Herrera-Perez brokered narcotics deals as part of an international drug trafficking organization that coordinated the trafficking and importation of heroin and cocaine into the United States. (*See* Presentencing Investigation Report ¶¶ 17, 22.) Therefore, the modifications to the U.S.S.G. that resulted from Amendment 833 would not apply to Herrera-Perez even if Amendment 833 were retroactive.

### III.   CONCLUSION

Mr. Herrera-Perez's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 833 is DENIED. The Clerk of Court is directed to close the motion at ECF No. 74 accordingly.

Dated:   **APR 2 3 2026**
New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge